# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL ANTHONY RODRIGUEZ, (TDCJ #1918200) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0869 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Texas state inmate Paul Anthony Rodriguez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2014 state-court conviction for aggravated sexual assault of a child. (Docket Entry No. 1). Rodriguez also filed a memorandum in support of his petition. (Docket Entry No. 2). The respondent, Lorie Davis, moves for summary judgment on the ground that the petition is barred by the one-year statute of limitations. (Docket Entry No. 14). Rodriguez objects. (Docket Entry No. 16).

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

## I. Background and Claims

In Cause Number 1350415, pending in Harris County, Texas, Rodriguez pleaded guilty to one count of aggravated sexual assault of a child. In March 2014, the trial court sentenced Rodriguez to a 14-year prison term under a plea agreement.[1]

---

[1] Rodriguez also pleaded guilty to one count of a felon in possession of a firearm in Cause Number 1350358,
(continued...)

The First Court of Appeals of Texas dismissed Rodriguez's direct appeal for want of jurisdiction. *Rodriguez v. State*, No. 01-14-00339-CR, 2014 WL 3882361, at *1 (Tex. App.—Houston [1st Dist.] Aug. 7, 2014, no pet.). In June 2016, Rodriguez challenged his conviction in a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. *Ex parte Rodriguez*, Application No. WR-86,276-01. The Texas Court of Criminal Appeals denied the application in February 2017, without a hearing or written order, on the findings of the trial court.

Rodriguez filed this federal petition in March 2018, asserting that he received ineffective assistance because trial counsel:

1. failed to meet with Rodriguez on October 28, 2013, and convey a two-year plea-bargain offer;

2. failed to convey a two-year plea-bargain offer on October 30, 2013; and

3. coerced Rodriguez into pleading guilty.

(Docket Entry No. 1, at 6; Docket Entry No. 2).

The threshold issue is whether Rodriguez filed his petition too late to permit consideration of his claims.

## II. The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby,*

---

[1](...continued)
and sentenced to a concurrent 14-year prison term. He does not challenge that conviction here.

*Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. This court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Rodriguez is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Rodriguez's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III. The One-Year Statute of Limitations

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Rodriguez challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Rodriguez's conviction became final on September 8, 2014, when his time to file a petition for discretionary review expired. *See* TEX. R. APP. P. 68.2(a); TEX R. APP. P. 4.1(a). The limitations period expired one year later, on September 8, 2015. Rodriguez did not file his federal petition until March 12, 2018. A merits review of his grounds for relief is barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Rodriguez's state habeas application did not toll the limitations period because he filed the application well after September 8, 2015, when the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state habeas application filed after the limitations period has expired has no tolling effect).

No other AEDPA provision applies to extend the limitations period for an additional 30 months. Rodriguez does not allege facts showing that he was prevented from filing a timely federal habeas petition as the result of state action. None of his claims relies on a newly recognized

constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

Nor do any of Rodriguez's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.*, § 2244(d)(1)(D). Rodriguez alleges that he did not discover the factual predicate of his claims until June 2016. (Docket Entry No. 1, at 9). He asserts that he was unaware of the State's two-year plea offer until he received a copy of the court record. (Docket Entry No. 16, at 2). Rodriguez's argument is not persuasive. First, the record does not support the contention that the State ever extended a two-year plea offer to Rodriguez. *See* Docket Entry No. 15-6, at 59, 76 (attorney affidavit and trial court findings of fact). Second, even assuming there was some record evidence of a two-year plea offer, Rodriguez's factual-predicate argument is unsupported. He equates the date that the factual predicate of his claims could have been discovered through the exercise of due diligence with the date on which he discovered it. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (petitioner confuses his knowledge of the factual predicate for his claims with the time permitted for gathering evidence in support of those claims); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). The factual predicate of Rodriguez's claims either became known or could have become known prior to the date that his judgment became final.

Rodriguez also fails to allege an extraordinary circumstance that would extend the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Rodriguez or prevented him from filing within the deadline. Nor does the record support a conclusion that Rodriguez was diligent in pursuing his rights. Rodriguez let more than 21 months pass between the date his conviction became final and the date he first sought to file a state habeas application. He then waited an additional 13 months after the Court of Criminal Appeals denied his state habeas application before filing his federal petition. Waiting to pursue claims does not excuse a petitioner from asserting his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights"). Rodriguez fails to show that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his federal habeas petition.

Rodriguez finally argues that his untimeliness should be excused under the narrow exception established in *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012). (Docket Entry No. 16). In *Trevino* and *Martinez*, the Supreme Court held that a procedural default under state law "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in

that proceeding was ineffective." *Trevino*, 569 U.S. at 429 (quoting *Martinez*, 566 U.S. at 18). Contrary to Rodriguez's assertions, these cases do not address or excuse an untimely petition. *See, e.g., Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012); *see also Barrera v. Stephens*, 2014 WL 7139959, slip op. at *1 (S.D. Tex. 2014) ("*Trevino* cannot resurrect Barrera's time-barred ineffective assistance of counsel claim."); *Hunter v. Stephens*, 2013 WL 5671295, slip op. at *5 (S.D. Tex. 2013) (*Trevino* and *Martinez* did not establish equitable tolling).

The record discloses no other basis to extend the limitations period. Given Rodriguez's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 14), is granted. Rodriguez's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as time-barred. Any remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336

(quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Rodriguez stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on January 30, 2019, at Houston, Texas.

                                               Lee H. Rosenthal
                                     Chief United States District Judge